UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY YIN,<br><br>      Plaintiff,<br>  v.<br><br>COMMERCE WEST INSURANCE COMPANY, doing business as "MAPFRE Insurance",<br><br>      Defendant. | CASE NO. 2:25-cv-01159-LK<br><br>ORDER DENYING MOTION TO REMAND AND ORDERING DEFENDANT TO SHOW CAUSE |

  This matter comes before the Court on Plaintiff Henry Yin's Motion to Remand. Dkt. No. 10. For the reasons provided below, the Court denies the motion. However, the Court ORDERS Defendant MAPFRE to show cause why this case should not be remanded for lack of complete diversity between the parties.

### I. BACKGROUND

  This case involves an insurance coverage dispute concerning a water leak in Yin's condominium unit. Dkt. No. 1-1 at 2–3. According to the Complaint, Commerce West Insurance Company—doing business as "MAPFRE"—issued an insurance policy for Yin's condominium

ORDER DENYING MOTION TO REMAND AND ORDERING DEFENDANT TO SHOW CAUSE - 1

unit that was in force "from around August 28, 2023 to August 28, 2024." *Id.* at 3. The policy purportedly "provided insurance coverage for damage caused by sudden accidental leak from an appliance." *Id.* "Around April 27, 2024, Mr. Yin's condo unit suffered damage from an accidental leak from an appliance," which caused damage to both Yin's unit and the unit below his. *Id.* While MAPFRE confirmed coverage for "the reported damage to Mr. Yin's unit," it denied coverage for the unit below. *Id.* "[M]itigation and repair of the damage to the unit below Mr. Yin's unit" was approximately $16,790.69, which MAPFRE refused to pay. *Id.* at 4.

On February 6, 2025, Yin filed suit in King County Superior Court, alleging state law claims of insurance bad faith, violations of the Washington Consumer Protection Act ("CPA"), and breach of contract. *Id.* at 1, 4–5. The Complaint seeks monetary damages "in an amount to fairly compensate Plaintiff for all consequential, special, and general damages caused by MAPFRE's wrongful acts and omissions," as well as attorney's fees and costs "as allowed by law." *Id.* at 5.[1]

On June 20, 2025, MAPFRE removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 1 at 1–2. MAPFRE says that the Court has diversity jurisdiction because the parties are completely diverse and "proper inclu[sion]" of "enhanced damages . . . and attorney fees" pushes the amount in controversy over $75,000. *Id.* at 3–5. Yin seeks remand, arguing that MAPFRE impermissibly removed this case more than 30 days after "learning the amount in controversy exceeded $75,000," as required by Section 1446(b)(3). Dkt. No. 10 at 6 (citation modified).

---

[1] Mr. Yin also seeks non-monetary relief, including "an order requiring Mapfre to better train its employees to properly comply with the Washington Administrative Code insurance regulations." *Id.*

ORDER DENYING MOTION TO REMAND AND ORDERING DEFENDANT TO SHOW CAUSE - 2

## II. DISCUSSION

The Court first evaluates Yin's motion for remand based on MAPFRE's allegedly late removal. The Court then sua sponte addresses MAPFRE's inadequate showing of the parties' citizenship.

### A. The Court Denies Yin's Motion to Remand

MAPFRE says it first learned that Yin "was seeking damages in excess of $75,000" on May 23, 2025, via an email from Yin's counsel. Dkt. No. 1 at 3; *see also* Dkt. No. 1-1 at 37–38. In that email, Yin's counsel provided MAPFRE with a settlement offer stating that, after adding attorney's fees and additional living expenses, "[t]he total damages are $86,819." Dkt. No. 1-1 at 37. However, Yin points out that this was not his first settlement offer. On April 7, 2025, Yin provided MAPFRE with a settlement demand for $65,200. Dkt. No. 11 at 13. The demand proposed a "global settlement for $65,200," a sum that included attorney's fees of $6,000. *Id.* Yin says this April 7, 2025 settlement demand triggered the 30-day removal period, Dkt. No. 10 at 2, meaning MAPFRE was barred from removing the case after May 7, 2025.

Federal jurisdiction exists over civil actions where the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a)(1). Removal of a civil action is permissible when the federal court would have original jurisdiction over the action filed in state court. *Id.* § 1441(a). If a case is not removable based on the initial pleading but later becomes removable, a defendant must remove the case "within thirty days . . . from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b)(3).

If at any time a district court determines that "less than a preponderance of the evidence supports the right of removal," it must remand the action to state court. *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018). The removal statutes are strictly construed against removal jurisdiction, *id.* at 1056–57, and if there is "doubt regarding the right to removal," the

1  Court should remand the case, *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090
2  (9th Cir. 2003).

3  To determine whether MAPFRE timely removed this case, the Court must determine
4  whether "a preponderance of the evidence" would have supported removal by MAPFRE following
5  Yin's April 7, 2025 settlement demand, Dkt. No. 11 at 13. Put another way, could MAPFRE have
6  "ascertained" that the case was removable when it received Yin's April 7, 2025 settlement offer
7  for $65,200, Dkt. No. 11 at 13? 28 U.S.C. § 1446(b)(3). For the reasons stated below, the answer
8  is no.

9  Yin does not contest that the Court can rely on his settlement demands to establish the
10 amount in controversy, and in the Ninth Circuit, a settlement offer "is relevant evidence of the
11 amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn*
12 *v. Petsmart, Inc.*, 281 F.3d 837, 840 & n.3 (9th Cir. 2002) (per curiam). Here, Yin's settlement
13 demands seem to reflect a reasonable estimate of his costs, current attorney's fees, and CPA
14 damages. Dkt. No 1-1 at 37–38; Dkt. No. 11 at 13.

15 Yin says that the Court must remand because "any doubt that the amount [in] controversy,
16 including attorney fees, would exceed $75,000 . . . vanished when Mapfre received [his] April 7,
17 2025 settlement proposal." Dkt. No. 10 at 2. But the April 7, 2025 offer proposed a *global*
18 settlement of $65,200—including $6,000 in attorney's fees that Yin had accrued to that date. Dkt.
19 No. 11 at 13. The $65,200 offer was therefore $9,800.01 short of exceeding $75,000—the required
20 amount in controversy for diversity jurisdiction, 28 U.S.C. § 1332(a)(1). Yin nevertheless argues
21 that MAPFRE should have known that the amount in controversy requirement was met because
22 *future* attorney's fees, together with "general damages" and "treble damages," would have totaled
23 "far more than the $75,000 requirement[.]" Dkt. No. 10 at 2. Accordingly, Yin contends that
24

ORDER DENYING MOTION TO REMAND AND ORDERING DEFENDANT TO SHOW CAUSE - 4

MAPFRE was required to remove the case within 30 days of the April 7, 2025 settlement offer. *Id.*

MAPFRE acknowledges that "both present and future attorneys' fees are included in the amount in controversy determination." Dkt. No. 1 at 4; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018 (concluding that "a court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met"). But according to MAPFRE, the $9,800.01 gap between the April settlement offer and the $75,000 amount in controversy requirement could only have been bridged by impermissible speculation about future attorney's fees. Dkt. No. 13 at 4–5. Accordingly, as of the April 7, 2025 settlement offer, MAPFRE argues that it could not have established the amount in controversy requirement by a preponderance of the evidence. *Id.* at 5.

The Court agrees. Yin's April 7, 2025 offer proposed a "global settlement" of $65,200, which included $6,000 in attorney's fees accrued to that date. Dkt. No. 11 at 13. The proposal was $9,800.01 short of the $75,000 jurisdictional minimum. Yin had only accrued $6,000 in attorney's fees at that stage in litigation, Dkt. No. 11 at 13, suggesting that it could have taken a significant amount of time to bridge the nearly $10,000 gap. Calculation of future attorney's fees does not necessarily extend through trial—or even through discovery. "[D]istrict courts are well equipped . . . to determine when a fee estimate is too speculative because of the likelihood of a prompt settlement." *Fritsch v. Swift Transportation Co. of Arizona, LLC*, 899 F.3d 785, 795 (9th Cir. 2018). Considering this, as well as the fact that the parties were already exchanging settlement offers, the Court would have acted well within the bounds of the law be remanding such a prematurely removed case. *See Hansen*, 902 F.3d 1057 (9th Cir. 2018) ("If a district court determines at any time that less than a preponderance of the evidence supports the right of removal, it must remand the action to the state court"); *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d

1089, 1090 (9th Cir. 2003) (reasoning that courts should remand cases when there is "doubt regarding the right to removal.").[2]

For the reasons laid out above, MAPFRE could not have "ascertained" that the case was removable as of April 7, 2025. *See* 28 U.S.C. § 1446(b)(3). Therefore, MAPFRE was not barred from removing the case after that date. *See id.* The evidence before the Court demonstrates that MAPFRE first "ascertained" that the case was removable when it received Yin's May 23, 2025 settlement offer for $86,819," Dkt. No. 1-1 at 37, so MAPFRE's removal on June 20, 2025 was timely. 28 U.S.C. § 1446(b)(3).

**B.    MAPFRE Fails to Adequately Show the Parties' Citizenship.**

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists[.]" *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also* Fed. R. Civ. P. 12(h)(3). This determination is an "inflexible" threshold requirement that must be made "without exception, for jurisdiction is power to declare the law and without jurisdiction the court cannot proceed at all in any cause." *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 577 (1999) (citation modified). Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." 28 U.S.C. § 1447(c) (emphasis added).

Here, MAPFRE does not adequately set forth either party's citizenship. MAPFRE alleges that it "is a foreign insurer incorporated in the state of Rhode Island" and therefore it "is an [sic] Rhode Island resident" for purposes of diversity jurisdiction. Dkt. No. 1 at 3. Properly alleging an

---

[2] Mr. Yin responds that MAPFRE is trying to "have it both ways" by including attorney's fees to meet the amount in controversy following the May 23, 2025 settlement offer but saying that "it did not need to consider attorney fees when it evaluated Plaintiff's April 7, 2025 settlement email." Dkt. No. 14 at 4. This argument misses important nuance. The May 23, 2025 settlement offer exceeded the amount in controversy requirement when accounting for attorney's fees already accrued. *See* Dkt. No. 1-1 at 37. The April 7, 2025 settlement offer *also included* accrued attorney's fees, but the sum did not reach the amount in controversy requirement. *See* Dkt. No. 11 at 13. It was $9,800.01 short. *See id.* The Court agrees that MAPFRE was required to consider future attorney's fees in calculating the amount in controversy, *Fritsch*, 899 F.3d at 794, but—unlike the April 7, 2025 settlement offer—the May 23, 2025 settlement offer reached $75,000 without speculation as to future attorney's fees.

ORDER DENYING MOTION TO REMAND AND ORDERING DEFENDANT TO SHOW CAUSE - 6

insurance company's citizenship involves determining whether it should be treated as an incorporated or unincorporated entity based on how the relevant state law treats it. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550–51 (7th Cir. 1988) (observing that Texas mutual insurance company was an unincorporated association under Texas law, while Minnesota law treated mutual insurance company as a corporation); *see also, e.g.*, *S.P. v. Spinks*, No. 2:20CV995-MHT, 2021 WL 1383233, at *1 (M.D. Ala. Apr. 12, 2021) ("Whether State Farm should be considered a corporation for diversity purposes depends on state law." (citation modified)). An insurance company that is a corporation for diversity purposes is a citizen of not only the state in which it is incorporated, but also the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). An insurance company that is unincorporated for purposes of diversity jurisdiction has the citizenship of each of its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).

The Court has been unable to verify that MAPFRE is a Rhode Island corporation after searching Rhode Island's registered corporations. *See* Rhode Island Department of State Entity Search, https://business.sos.ri.gov/CorpWeb/CorpSearch/CorpSearch.aspx (last visited September 15, 2025). But even assuming that MAPFRE is indeed a corporation, as it claims to be, MAPFRE fails to allege its principal place of business, and "[f]ailure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]" *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970).

MAPFRE's notice of removal further alleges that Yin "is a resident of King County, Washington." Dkt. No. 1 at 3. But individuals are citizens of the place in which they are domiciled, which is not necessarily the same as where they reside. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state.").

Accordingly, the Court orders MAPFRE to show cause for why this case should not be remanded for lack of subject-matter jurisdiction due to lack of complete diversity of citizenship.

### III.  CONCLUSION

Based on the foregoing analysis, the Court DENIES Yin's motion to remand, Dkt. No. 10, and ORDERS MAPFRE to show cause for why this case should not be remanded for lack of complete diversity of citizenship. If MAPFRE provides supplemental briefing clarifying the parties' citizenship and establishing the Court's jurisdiction within seven days, the Court will discharge this Order.

Dated this 3rd day of October, 2025.

Lauren King
United States District Judge