UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HENRY YIN,<br><br>                Plaintiff,<br>    v.<br><br>COMMERCE WEST INSURANCE COMPANY, doing business as "MAPFRE Insurance"<br><br>                Defendant. | CASE NO. 2:25-cv-01159-LK<br><br>SECOND ORDER TO SHOW CAUSE |

This matter comes before the Court on the response by Commerce West Insurance Company d/b/a MAPFRE Insurance ("MAPFRE"), Dkt. No. 17, to the Court's October 3, 2025 Order requiring MAPFRE to show cause for why this case should not be remanded for lack of complete diversity of citizenship, Dkt. No. 15.

**I.   BACKGROUND**

MAPFRE's notice of removal failed to adequately set forth the citizenship of either party in this case. *See* Dkt. No. 1 at 3. MAPFRE alleged that (1) it "is a foreign insurer incorporated in

SECOND ORDER TO SHOW CAUSE - 1

the state of Rhode Island" and therefore it "is an [sic] Rhode Island resident" for purposes of diversity jurisdiction, and (2) Plaintiff Yin "is a resident of King County, Washington." *Id.*

In an Order to Show Cause on October 3, 2025, Dkt. No. 15, the Court explained that:

> Properly alleging an insurance company's citizenship involves determining whether it should be treated as an incorporated or unincorporated entity based on how the relevant state law treats it. *See Mut. Serv. Cas. Ins. Co. v. Country Life Ins. Co.*, 859 F.2d 548, 550–51 (7th Cir. 1988) (observing that Texas mutual insurance company was an unincorporated association under Texas law, while Minnesota law treated mutual insurance company as a corporation); *see also, e.g.*, *S.P. v. Spinks*, No. 2:20CV995-MHT, 2021 WL 1383233, at *1 (M.D. Ala. Apr. 12, 2021) ("Whether State Farm should be considered a corporation for diversity purposes depends on state law." (citation modified)). An insurance company that is a corporation for diversity purposes is a citizen of not only the state in which it is incorporated, but also the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). An insurance company that is unincorporated for purposes of diversity jurisdiction has the citizenship of each of its members. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 381 (2016).
>
> The Court has been unable to verify that MAPFRE is a Rhode Island corporation after searching Rhode Island's registered corporations. *See* Rhode Island Department of State Entity Search, https://business.sos.ri.gov/CorpWeb/CorpSearch/CorpSearch.aspx (last visited September 15, 2025). But even assuming that MAPFRE is indeed a corporation, as it claims to be, MAPFRE fails to allege its principal place of business, and "[f]ailure to make proper and complete allegations of diversity jurisdiction relegates a litigant to . . . jurisdictional purgatory[.]" *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1190 (9th Cir. 1970).

*Id.* at 6–7. The Court also explained with respect to Yin that "individuals are citizens of the place in which they are domiciled, which is not necessarily the same as where they reside." *Id.* at 7.

The Court ordered MAPFRE to show cause within seven days for why this case should not be remanded for lack of subject-matter jurisdiction due to lack of complete diversity of citizenship. *Id.* at 8. On October 9, 2025, MAPFRE filed its response. Dkt. No. 17.

## II.  DISCUSSION

Rather than directly addressing its citizenship in its response to the order to show cause, MAPFRE throws spaghetti at the proverbial wall. It first provides not only its state of incorporation

and principal place of business (which would be appropriate if it were a corporation),[1] but also appears to attempt to provide the citizenship of each of its members (which would be appropriate if it were unincorporated).[2] If that weren't enough, MAPFRE goes on to cite portions of the diversity statute that are inapplicable here,[3] proclaiming that, (1) "[u]nder 28 U.S.C. § 1332 (c)(1)(A)[,] [it] is a citizen of Rhode Island and Massachusetts," *but see* 28 U.S.C. § 1332(c)(1)(A) (an insurer is deemed to be a citizen of "every State and foreign state of which the *insured* is a citizen" (emphasis added)); (2) "[u]nder 28 U.S.C. § 1332 (c)(1)(B)[,] [it] was incorporated in Rhode Island and arguably Massachusetts and Spain"; and (3) "[u]nder 28 U.S.C. § 1332 (c)(1)(C)[,] [its] principle [sic] place of business is Massachusetts and arguably Spain." Dkt. No. 17 at 2.

Even aside from the seemingly hopeless confusion regarding its own citizenship that MAPFRE has exhibited in this case, MAPFRE can't seem to get its story straight on its citizenship in other cases either. Elsewhere in this district, MAPFRE has averred that it is a citizen of

---

[1] MAPFRE acknowledges that in its notice of removal, it stated only that it was "incorporated in Rhode Island and . . . was a Rhode Island citizen." *Id.* at 2. It goes on to say that in its corporate disclosure statement, it indicated that it "is a foreign insurer incorporated in the state of Rhode Island with its principal place of business in Massachusetts." *Id.* But MAPFRE provides no evidence that it is actually incorporated in Rhode Island, and the Court remains unable to verify that MAPFRE or Commerce West Insurance Company is a Rhode Island corporation after searching Rhode Island's registered corporations. *See* Rhode Island Department of State Entity Search, https://business.sos.ri.gov/CorpWeb/CorpSearch/CorpSearch.aspx (last visited October 23, 2025).

[2] Specifically, MAPFRE contends that:

> Commerce West Insurance Company is a wholly owned subsidiary of ACIC Holding, Co., Inc., privately held Rhode Island stock corporation. ACIC Holding Co., Inc. is in turn owned by MAPFRE U.S.A. Corp., a privately held Massachusetts corporation. *For purposes of this case with this insurance company (CWIC), the principle [sic] place of business is Massachusetts*. MAPFRE U.S.A. Corp. is a wholly owned subsidiary of MAPFRE Internacional S.A., a privately held company organized under the laws of Spain. MAPFRE Internacional S.A. is a wholly owned subsidiary of MAPFRE S.A., a publicly traded company organized under the laws of Spain.

Dkt. No. 17 at 2. None of these entities except ACIC Holding Company is relevant to this analysis, and MAPFRE fails to provide that entity's full citizenship because it does not identify ACIC Holding Company's principal place of business. *Americold Realty*, 577 U.S. at 381.

[3] *See Searles v. Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) ("[A] 'first party' insurance action, or a suit by an insured against an insurer, is not a 'direct action.'"); *see also Beckham v. Safeco Ins. Co. of America,* 691 F.2d 898, 901–902 (9th Cir. 1982).

SECOND ORDER TO SHOW CAUSE - 3

California and Massachusetts. *See, e.g.*, *Commerce West Ins. Co. v. Roland*, No. 3:24-cv-5709, Dkt. No. 1 at 1 (W.D. Wash. Aug. 28, 2024); *Commerce West Ins. Co. v. Allen*, No. 18-cv-05828-RJB, Dkt. No. 1 at 1 (W.D. Wash. Oct. 11, 2018) (Massachusetts); *id.* Dkt. No. 7 at 1 (Oct. 19, 2018) (California); and that this Court has jurisdiction over it solely because it "is a corporation that does business in Washington State," *Commerce West Insurance Company v. Kane*, No. 2:18-cv-662, Dkt. No. 1 at 2 (W.D. Wash. May 7, 2018). Given MAPFRE's repeated demonstrations that it does not understand diversity jurisdiction or its own citizenship under Section 1332, the Court cannot rely on its representations—unsupported by evidence—that the parties are diverse.

### III.  CONCLUSION

It is not the Court's role to tutor MAPFRE on subject matter jurisdiction. *See In re Borsotti*, No. CC-19-1193-FSG, 2021 WL 1103624, at *5 (B.A.P. 9th Cir. Mar. 23, 2021) (the district court "is always a neutral arbiter that should not help any party prosecute" its case). Nevertheless, the Court explained quite clearly in its prior order exactly what is required to establish the parties' citizenship. Dkt. No. 15 at 6–7. From there, it was MAPFRE's job to establish diversity jurisdiction; it cannot simply throw everything at the wall and expect the Court to sort out its mess.

The Court will provide MAPFRE one final opportunity to show cause—by no later than October 28, 2025—why this case should not be remanded to King County Superior Court. If MAPFRE cannot establish its citizenship by then (including by providing evidence of its state of incorporation and principal place of business), the Court will remand this case.

Dated this 24th day of October, 2025.

Lauren King
United States District Judge